CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 23 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD BOYSAW ) | |
|     Plaintiff, ) | Civil Action No. 7:07-CV-00394 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| PURDUE PHARMA, ) | |
| MICHAEL FRIEDMAN, ) | |
| HOWARD UDELL, ) | By: Hon. James C. Turk |
| PAUL GOLDENHEIM, ) | Senior United States District Judge |
|     Defendants. ) | |

    Plaintiff Donald Boysaw, a federal inmate proceeding pro se, brings this action against a Connecticut corporation and its officers pursuant to 42 U.S.C. § 1983 with jurisdiction vested pursuant to 28 U.S.C. § 1343. The court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted, and therefore dismisses his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

    The plaintiff alleges that Purdue Pharma L.P., the manufacturer of the drug OxyContin, and its officers "caused irreparable harm to his body by misbranding OxyContin in an effort to mislead doctors and consumers."[1] (Complaint at 1). The plaintiff's alleged injuries include nosebleeds, numbness of the nose, a dime-sized hole in the nose, and a prolonged, debilitating addiction to OxyContin. The plaintiff further alleges that the defendants have violated the "Fifth Amendment (Due Process Clause), Eighth Amendment (Cruel and Unusual Clause) . . . Food-

---

[1] The instant matter notably follows the recent ruling in United States v. Purdue Frederick Co., 2007 U.S. Dist. LEXIS 53042 (W.D. Va. 2007), in which Purdue Pharma and its officers Michael Friedman, Howard Udell, and Paul Goldenheim (the same defendants in this matter) pleaded guilty to misbranding OxyContin with the intent to defraud or mislead, a felony under the federal Food, Drug, and Cosmetic Act. 21 U.S.C.A. §§ 331(a), 333(a)(2) (West 1999). The fines and sanctions imposed upon the defendants by the court totaled over $600 million, which at the time of the instant matter represent one of the largest payouts in the history of the pharmaceutical industry.

Drug-Administration law, pendant state law," and committed "U.S. Mail Fraud." (Complaint at 1).

## II.

As a privately owned Connecticut corporation, Purdue Pharma L.P. and its officers are not state actors. Furthermore, the plaintiff does not allege facts indicating any respect in which the defendants have acted "under color of state law." See Lugar v. Edmonson Oil Co., 457 U.S. 922, 935-36 (1982); Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). As private, non-governmental entities, the defendants in the instant matter cannot be held liable under any claim filed pursuant to 42 U.S.C. § 1983. Accordingly, the plaintiff's claims of constitutional violations are also without merit.

Plaintiff's claims based on law pertinent to the Food and Drug Administration is interpreted by the court as an attempt to file suit under the Food, Drug, and Cosmetic Act, 21 U.S.C. § 331. See United States v. Purdue Frederick Co., 2007 U.S. Dist. LEXIS 53042 (W.D. Va. 2007). This act allows the court to impose fines due to violations defined therein pursuant to a criminal hearing, not a civil suit. This court is aware of no precedent establishing the plaintiff's right to bring suit under the Food and Drug Cosmetic Act. The Food and Drug Cosmetic Act alone does not entitle the plaintiff to bring forth a civil claim.

Similarly, 18 U.S.C. §§ 1341 et seq., entitled "Mail Fraud" imposes criminal penalties for a wide array of fraudulent conduct. These statutes, used primarily by the government to pursue corporate fraud, do not entitle the plaintiff to bring suit.

2

Plaintiff may have a claim rooted in "pendant state law."[2] However, because the plaintiff mentions no Virginia act nor any case law evincing valid grounds for any claim, the court cannot construe the complaint as to give rise to a specific civil claim under Virginia state law. Moreover, such state law claims are not independently actionable under § 1983, see Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990), and as all federal claims must be dismissed, the court declines to exercise supplemental jurisdiction over any possible state law claims Boysaw may have, pursuant to 28 U.S.C. § 1367(c). Therefore, the court finds that the plaintiff has failed to state a claim upon which relief can be granted.

### IV.

For the stated reasons, the plaintiff's complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

ENTER: This 2 3rd day of August, 2007.

/s/ James C. Turk
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]While pro se complaints may "represent the work of an untutored hand requiring special judicial solicitude," a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." The "special judicial solicitude" with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990).